The People of the State of New York ex rel. Academy Housing Corporation, Relator, v. William Stanley Miller and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, Special Term, Bronx County, April 17, 1937.

*Kadel, Van Kirk & Trencher* [*Bernard Trencher* and *Selig J. Silverman* of counsel], for the relator.

*Paul Windels, Corporation Counsel* [*Hyman W. Kehl* of counsel], for the respondents.

*Ira S. Robbins,* counsel for the State Board of Housing, *amicus curiæ.*

McGeehan, J. In this proceeding the relator, a private limited dividend corporation, seeks tax exemption of 1935 taxes by virtue of the State Housing Law (Laws of 1926, chap. 823, as amd.), and the New York City Local Law No. 9 of 1927 (p. 81). The buildings were completed in 1931. For the years 1932, 1933 and 1934 the exempt qualities of the improvements were

unquestioned by the municipal authorities. The 1935 taxes on the improvements are questioned by the corporation counsel in this proceeding. The approval and certification by the State Housing Board of the buildings and improvements concerned have been established to the satisfaction of this court. It does not appear that the board acted unreasonably, arbitrarily, or without jurisdiction in the matter. The municipal board of taxes and assessments, after a hearing provided for by law, denied the exemption sought by the relator. It does not appear in this record what issues were raised at that hearing, but the return filed in this proceeding by the respondents concedes that, during October 1, 1934, to November 16, 1934, the relator filed a written instrument requesting that the said improvements be exempted from taxation for 1935, and from this concession it cannot be seriously maintained now by the city that the respondent was not apprised that the basis of the alleged illegality was overvaluation. This technical objection raised by the city is overruled.

The corporation counsel further seeks to defeat this proceeding upon the theory that it may attack in this collateral proceeding the functioning of the State Housing Board and the relator corporation. In addition, as a further defense, it attempts to establish the unconstitutionality of the State Housing Board.

In so far as the State Housing Board is concerned, if the officials of the State Housing Board refuse to act, or act in violation of law, their conduct should be made the subject-matter of a direct attack as provided for by law.

As to the relator corporation, if it has been delinquent under the law, section 19 of the State Housing Law provides for proceedings by the board for such delinquency. If the board refuses to act upon such delinquency, then the legality of the relator's corporate organization or existence is subject to quo warranto proceedings by the Attorney-General under section 91, subdivisions 1 and 2, of the General Corporation Law, and the members of the State Housing Board may be brought to task for failure to properly discharge their duty. The issues raised by the corporation counsel are not within the issues raised by the pleadings and are the subject matter of independent proceedings. Therefore, the attack on the State Housing Board and the relator corporation being predicated upon alleged violations that are not jurisdictional in nature, but either formal or at most unsubstantial in character, must be made directly and not collaterally. Hence, this court, as a matter of law, holds that this line of defense is insufficient and improper in the proceeding now pending.

The contention by the corporation counsel that the legislation is unconstitutional because the application thereof is unsatisfactory will not be sustained by this court. The benefits of the law should not be denied the many because of the wrongs of the few. If there is any chicanery in the application of this beneficial legislation, the offenders should be directly and promptly held accountable, but the innocent and deserving beneficiaries of the legislation should not be made to suffer as a result.

Upon the state of the record as adduced before this court the relator is entitled to have the buildings and improvements authorized by law exempt for 1935.

Settle findings and order accordingly.